FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 14, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| O.N.,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER ALUMINUM WASHINGTON LLC, a foreign limited liability company,<br><br>    Defendant. | No. 2:25-CV-00224-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM** |

    Before the Court is Plaintiff's Motion for Leave to Proceed Under a Pseudonym, ECF No. 2. Plaintiff is represented by Eleanor Hamburger, Ellen Eardley, and Ari Greene. The motion was considered without oral argument.

    Plaintiff seeks the Court's permission to proceed under a pseudonym and require all parties to file pleadings and other documents containing personally identifying information ("PII") under redaction in this matter. Service of process has been completed on Defendant, and it has not yet filed a notice of appearance. Having reviewed the motion and caselaw, the Court grants Plaintiff's request, at least temporarily.

    This case was filed in the U.S. District Court for the Eastern District of Washington on June 24, 2025. Plaintiff is a transgender woman in Spokane, Washington, seeking recovery on claims related to her health care benefits through her employer, Defendant Kaiser. Specifically, her Complaint includes claims for

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM, SUBJECT TO RE-EVALUATION ~ 1**

1  (1) a violation of the Washington State Law Against Discrimination ("WLAD"),
2  pursuant to Wash. Rev. Code § 49.60.180; and (2) a violation of Title VII, pursuant
3  to 42 U.S.C. § 2000e, et seq.
4       Plaintiff alleges Defendant discriminated against her by engaging in sex
5  discrimination for offering Kaiser employees, including Plaintiff, health plans that
6  exclude gender-affirming care for treatment of gender dysphoria. She alleges
7  Defendant cancelled her pre-authorization requests for gender-affirming care
8  coverage because it stated Kaiser does not carry transgender health benefits.
9       Plaintiff challenges Defendant's Plan exclusion as illegal sex discrimination.
10 She seeks a judgment declaring the exclusion unlawful and to enjoin Defendant
11 from enforcing the policy; compensatory and consequential damages; punitive
12 damages; costs and fees; and any other available fees or relief under the law.
13      The Ninth Circuit disfavors the use of pseudonyms in proceedings because
14 "the use of fictitious names runs afoul of the public's common law right of access
15 to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d
16 1058, 1067 (9th Cir. 2000). However, a court may grant a party's request to
17 proceed under a pseudonym if nondisclosure of the identity is necessary "to protect
18 a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1068
19 (citation omitted).
20      Plaintiff argues she will suffer from psychological harm and trauma if her
21 identity is revealed alongside any mental health or other medical records because
22 of her transgender status, widespread discrimination against transgender people,
23 and the social stigma around gender dysphoria. Further, Plaintiff's claims against
24 Defendant involve employment discrimination based on her transgender status, and
25 she argues publicly revealing her identity would likely lead to further
26 discriminatory conduct, which she seeks to avoid.
27      Finally, Plaintiff argues her use of a pseudonym will not prejudice the
28 Defendant because counsel for Defendant knows of her identity through her Equal

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM, SUBJECT TO RE-EVALUATION** ~ 2

Employment Opportunity Commission filing and through disclosure upon service of process.

At this early stage in the litigation proceeding under a pseudonym is necessary to protect Plaintiff "from harassment, injury, ridicule or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1068.

This assessment is subject to re-evaluation as the litigation progresses.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Leave to Proceed Under a Pseudonym, ECF No. 2, is **GRANTED, subject to re-evaluation**.

2. If, at any time during litigation, either party requests the Court reconsider this preliminary decision allowing Plaintiff to proceed under a pseudonym, the parties shall brief the issue applying the factors and analysis in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

3. All parties **shall redact** any publicly filed documents to reflect only the initials "O.N." of the Plaintiff. All parties shall also redact all personally identifying information of O.N. from exhibits filed with the Court, including but not limited to her address, telephone number, and social security number.

4. The District Court Clerk **shall use the pseudonym "O.N."** for Plaintiff on all filings and the docket, in this matter.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of July 2025.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM, SUBJECT TO RE-EVALUATION** ~ 3